IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHARLES HARRELL                                                                                              PETITIONER

v.                                        Case No. 2:10CV00048 SWW-JTK

T.C. Outlaw, *Warden*,
FCI- Forrest City                                                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons (BOP) has deprived him of his ability to complete the after-care requirement of his Residential Drug Abuse Program (RDAP), which in turn would cause him to lose a reduction of his sentence for successful completion of the program as authorized by 18 U.S.C. § 3621(e). (Docket Entry #1, at 2) Respondent answered that the action of the BOP was appropriate and in accordance with federal law. For the reasons

2

discussed below, the Court recommends denial of the petition as moot and dismissal of this action.

## I.  Background

On October 2, 2006, the United States District Court for the Middle District of Georgia, Thomasville Division, sentenced Petitioner to 60 months imprisonment and three years supervised release for obstruction of justice.  *USA v. Harrell et al.*, Case No. 1:07CR00045-WLS-2 (M.D. Ga. Oct. 2, 2006).  The government appealed, challenging the sentence.  The Eleventh Circuit Court of Appeals vacated the sentence due to the District Court's incorrect application of the Guidelines and remanded the case to the district court for recalculation of the sentence.  *USA v. Harrell*, 524 F.3d 1223 (11th Cir. 2008).  The District Court re-sentenced Petitioner on August 7, 2008, to 75 months imprisonment, with all other provisions of the previous sentence remaining in effect.  *USA v. Harrell et al.*, Case No. 1:07CR00045-WLS-2 (M.D. Ga.  Aug. 7, 2008).  Petitioner was incarcerated at the Federal Correctional Institute (FCI) in Forrest City, Arkansas.

The BOP allowed Petitioner to participate in the RDAP at a Residential Reentry Center (RRC), which would allow him to receive a reduction of his sentence under 18 U.S.C. § 3621(e).  Upon his arrival at the RRC, Petitioner was asked to provide a urine sample.  (Docket Entry #1, at 2)  Petitioner claims he was unable to do so due to a prostate condition.  *Id.*  Petitioner received an incident report charging him with refusing to provide a urine sample (code 110).  (Docket Entry #10, Exhibit A, at 1)  Following an investigation,

Petitioner was found to have committed the prohibited act, and he was sanctioned for his actions, including the loss of 10 days good-time credit and removal from the RRC and return to FCI-Forrest City. *Id.* at 2.

## II.  Discussion

In this habeas petition, Petitioner seeks to have the incident report expunged, his good-time credit restored, and readmission into the RDAP aftercare program. (Docket Entry #1, at 4) On January 18, 2011, he provided the Court with a Notice of Change of Address. (Docket Entry # 12)  Petitioner was released from federal custody on January 24, 2011.[1]

To apply for a writ of habeas corpus under §2241, the applicant must be "in custody," a term that courts have liberally construed to include not only incarceration, but also other significant restraints on personal liberty.  *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-01 (1984); *Cotton v. Mabry*, 674 F.2d 701, 703 (8th Cir. 1982); *Russell v. City of Pierre*, 530 F.2d 791, 792 (8th Cir. 1976) (per curiam).

Petitioner is no longer in the custody of T.C. Outlaw, the warden of the FCI in Forrest City and the respondent here.  Thus, at this time Petitioner is not in the custody of anyone over whom this Court has jurisdiction, so there is no entity that we can order to effect relief should the writ issue.  Thus, no live issue remains to be adjudicated. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Copley v. Keohane*, 150 F.3d 827, 829-30 (8th Cir. 1998) (Section

---

[1] Federal Bureau of Prisons Inmate Search, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited March 15, 2011).

2241 habeas petition moot where petitioner no longer in respondent's custody).  As a general rule, when a habeas petitioner protests a condition of his confinement, his claim is mooted when that condition ends, *Weinstien v. Bradford*, 423 U.S. 147 (1975), because it no longer presents a case or controversy under Article III.  If an issue is moot in the Article III sense, a federal court has no discretion and must dismiss the action for lack of jurisdiction. *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005).  "This case-or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  This means that, throughout the litigation, the petitioner "must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. at 477).

   In the instant case, the Court finds nothing in the record suggesting that the petition presents the "exceptional" situation where the issues raised are moot, but "capable of repetition yet evading review."  *See Copley v. Keohane*, 150 F.3d at 830 (citing *Spencer v Kemna*, 523 U.S. at 1).  Petitioner, however, is presumably under the supervision of a federal probation office in Georgia, and his release is not unconditional and could be revoked at any time.  Arguably, Petitioner could return to the custody of the warden at the FCI-Forrest City in the future, should a Court revoke his supervised release, but he names no respondent other than Outlaw, in whose custody he no longer finds himself.  For this reason, this Court cannot

redress Petitioner's alleged injury with a favorable judicial decision because an actual injury no longer exists.

## III.  Conclusion

Based on the foregoing, IT IS THEREFORE ORDERED that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Docket Entry #1) be, and it hereby is, DENIED as moot.  Petitioner is no longer in the custody of the Respondent, and there is no longer a live case or controversy for the Court to decide.  The relief prayed for is denied.

SO ORDERED this 29th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE